CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LARRY DONNELL MOSLEY,** ) | Civil Action No. 7:16-cv-00538 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **A. O. KITTRELL,** ) | By: Hon. Jackson L. Kiser | |
| Defendant. ) | Senior United States District Judge | |

Larry Donnell Mosley, a Virginia inmate proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983, naming Detective A. O. Kittrell of the Lynchburg Police Department as the sole defendant. Plaintiff alleges that Kittrell's false written statement caused Plaintiff to be convicted and incarcerated in violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment.[1] Kittrell filed a motion to dismiss, to which Plaintiff responded, making this matter ripe for disposition. After reviewing the complaint, I grant the motion to dismiss and dismiss the complaint without prejudice.

I.

Plaintiff argues that Kittrell's allegedly false statement was the difference between a jury finding Plaintiff guilty of second degree murder and finding him either innocent or guilty of a lesser included offense. Plaintiff alleges that the false statement destroyed any credible attempt for him to argue self-defense. Plaintiff elaborates:

> Several first responders had arrived while [Plaintiff] and the victim were still present in the apartment. Officer Pavia and Officer Ramirez were the first in the apartment. Officer Ramirez took photos of the scene before medical personal [sic] began moving or attending to the victim. These photos clearly depict what was first observed by first responders arriving.
>
> Each first responder gave to A. O. Kittrell a statement of what they observed

---

[1] Plaintiff notes that he, Kittrell, and the victim are all black men and argues that the protected class is "criminal suspects." Cf. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); United States v. Armstrong, 517 U.S. 456, 465 (1996).

> upon arrival. Both [Plaintiff] and victim were present as they arrived. A. O. Kittrell arrived after [Plaintiff] and victim had been removed. A. O. Kittrell never saw the victim in the apartment. The first responders' statements obviously match what the photos show.
>
> In spite of the first responders' statements and the photos, A. O. Kittrell proceeded to speculate as to what must have occurred, contradicting first responders and photo evidence. Detective A. O. Kittrell was the first to say, "The victim was found by first responders lying on sofa, covered by the brown blanket." Also saying, "The victim had to be covered by the blanket when he was shot." This alone destroyed the [Plaintiff]'s self-defense claim. The jury could not possible find self defense if they believed that the victim was helplessly lying down wrapped in a blanket.
>
> The prosecution relied upon this testimony and evidence, plus that of Roy C. Davis, to secure [a] murder conviction.

Plaintiff explains that the Kittrell's alleged false statement was incorporated into the official investigative record that was used to secure the conviction. Plaintiff alleges that the false statement was nothing more than Kittrell's speculation. Plaintiff asks as relief that I order "a retraction of the statement" and award "compensation . . . for cost" and punitive damages.

State court records reveal that the Circuit Court of Lynchburg entered Plaintiff's criminal judgment for murder on September 7, 2016, in Commonwealth v. Donnell, CR15000201-00. The Court of Appeals of Virginia denied an appeal on May 12, 2017, in Donnell v. Commonwealth, No. CR1539-16-3, and Plaintiff's motion for three-judge panel remains pending with that court. Id.; see Va. Sup. Ct. R. 5A:15(a).

## II.

Kittrell argues that this action is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which held that a plaintiff may not recover damages via § 1983 for an allegedly unconstitutional conviction without first having obtained "favorable termination." Favorable termination occurs when "the conviction or sentence has been reversed on direct appeal,

2

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Id. at 487.

Plaintiff cannot prove favorable termination because he is still convicted and incarcerated for the crime for which he seeks monetary relief, and success would imply the invalidity of his conviction. Plaintiff argues that he would not have been convicted of second-degree murder had it not been specifically for Kittrell's allegedly false statement. Furthermore, Plaintiff acknowledges that what he seeks "will represent a fair challenge to the Plaintiff at having a fair trial in the State Court"; the alleged false statement "was for the benefit of the prosecutor"; and "[Kittrell's] statement may indeed have been used in a state criminal case and a conviction was gained." Moreover, a new trial would be required if the allegedly false statement would have affected the judgment of the jury in any reasonable likelihood. See, e.g., Giglio v. United States, 405 U.S. 150, 154 (1972). Accordingly, the complaint is barred by Heck.

### III.

Plaintiff also seeks an order to retract Kittrell's statement wherever it may be found. While Plaintiff argues that retraction is "not for the purpose of invalidating the conviction," he acknowledges "that it will represent a fair challenge to the Plaintiff at having a fair trial in the State Court."

To the extent Plaintiff requests a judicial order to secure his release from custody, his sole remedy in federal court is a properly filed habeas petition. See, e.g., 28 U.S.C. § 2254; Edwards v. Balisok, 520 U.S. 641, 645-47 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, Plaintiff may not seek an order from a federal court via § 1983 that would secure his release from custody quicker than what his sentence currently requires. Also, I do not have the

authority to grant mandamus relief against state officials or state agencies. See, e.g., Gurley v. Super. Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, I cannot presently grant the equitable relief Plaintiff seeks.

### IV.

For the foregoing reasons, I grant Kittrell's motion to dismiss and dismiss the complaint without prejudice.

ENTER: This 19th day of July, 2017.

*[signature]*
Senior United States District Judge